UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EverySpace Construction, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Encor Solar, LLC, a Utah limited liability company; Lumin8 Holdings, LLC dba Ascent Ventures, a Utah limited liability company; Agni Inc., a Delaware corporation,<br><br>Defendants. | Case No. 2:23-cv-01105-APG-DJA<br><br>**Order** |

David L. Mortenson, Robert T. Stewart, and Tanner B. Camp of Foley & Lardner LLP and David Sampon of the Law Office of David Sampson ("Counsel") move to withdraw as counsel for Encor Solar, LLC but to remain as counsel for Lumin8 Holdings, LLC. (ECF No. 69). Counsel attaches a document in which Chief Financial Officer for Encor Solar, Jeremy Smith, signed his consent to the withdrawal. (*Id.* at 3). Plaintiff opposes the withdrawal, arguing that it views Encor and Lumin8 to be the same company such that counsel must either withdraw from both or remain as counsel for both or else violate Nevada's rules of professional conduct governing conflicts of interest. (ECF No. 72). Plaintiff also asserts that the withdrawal will delay the case, in part because Defendants' discovery responses were incomplete. (*Id.* at 4). Counsel replies that Encor and Lumin8 are separate companies, that Plaintiff lacks standing to complain about any potential conflicts of interest, and that Plaintiff's complaints about delay are speculative. (ECF No. 75).

The Court finds that Counsel has made the better arguments. Plaintiff has not addressed how it has standing to raise potential conflicts of interest and "[a]s a general rule, only former and current clients have standing to bring a motion to disqualify counsel on the basis of a conflict of interest." *Flynn v. Love*, No. 3:19-cv-00239-MMD-CLB, 2020 WL 8378899, at *4 (D. Nev. July

31, 2020). Additionally, Plaintiff's arguments about incomplete discovery are better made in a discovery motion.

Under Local Rule IA 11-6(b), Counsel must serve the motion on the affected client. While Counsel has not included a certificate of service to verify this, Encor's CFO has signed his consent to the withdrawal and Encor did not oppose the motion. The Court thus grants the motion and will require Counsel to serve a copy of its motion and this order on Encor. Counsel is further required to provide the Court with Encor's last known address, phone number, and email address so that Encor can be listed on the docket. Finally, because it is a corporation, Encor must retain counsel to proceed in this action. *See Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) (explaining that corporations must be represented by counsel).

**IT IS THEREFORE ORDERED** that Counsel's motion to withdraw (ECF No. 69) is **granted.**

**IT IS FURTHER ORDERED** that Counsel must serve a copy of its motion to withdraw and this order on Encor.

**IT IS FURTHER ORDERED** that Counsel must provide the Court with Encor's last known address, phone number, and email address on or before **April 24, 2024.**

**IT IS FURTHER ORDERED** that on or before **May 17, 2024,** Encor must either: (1) have new counsel appear for it in this matter; or (2) file a status report regarding its efforts to retain counsel. **Failure to comply with this order may result in sanctions.**

DATED: April 17, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE