LEX TECNICA, LTD.
Samuel Castor, Esq.
Nevada Bar No. 11532
Michael Falater, Esq.
Nevada Bar No. 12366
Erven T. Nelson, Esq.
Nevada Bar No. 2332
10161 Park Run Drive
Suite 150
Las Vegas, Nevada 89145
Office: (725) 239-8413
Fax: (702) 583-6000
sam@lextecnica.com
mike@lextecnica.com
erv@lextecnica.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| EVERYSPACE CONSTRUCTION, LLC, a Nevada limited liability company,<br><br>　　　　　　　　Plaintiff,<br>　　vs.<br><br>ENCOR SOLAR, LLC, a Utah limited liability company aka LUMIN8 HOLDINGS, LLC dba ASCENT VENTURES, a Utah limited liability company; ANGI INC., a Delaware corporation,<br><br>　　　　　　　　Defendants. | Case No.:  2:23-cv-01105-APG-DJA<br><br>**AMENDED STIPULATION AND ORDER [~~PROPOSED~~] FOR EXTENSION OF DEADLINE TO MOVE TO AMEND PLEADINGS OR ADD PARTIES**<br><br> **(First Request)**<br><br>　Daniel J. Albregts, Magistrate Judge |

　　　　Plaintiff Everyspace Construction, LLC, Defendant Lumin8 Holdings, LLC dba ASCENT VENTURES ("Lumin8"), and Defendant Angi, Inc. ("Angi") hereby submit this Amended Stipulation and Order [Proposed] for Extension of Deadline to Move to Amend Pleadings or Add Parties and request this Court to enter an order effectuating the same as follows:

At the moment, discovery in this case is governed by the scheduling order entered by Magistrate Judge Daniel J. Albregts on the record and by minute order dated November 17, 2023. In addition, all discovery pertaining to Angi has been stayed pending Angi's motion for judgment on the pleadings. It is further stipulated that this extension is not applicable to Angi, and the parties agree that no claims, allegations, or parties related to Angi will be added or amended. It is further noted and stipulated that counsel for Lumin8 no longer represents Defendant Encor Solar, LLC ("Encor") in this matter and at present Encor is not represented by counsel.

## I.  DISCOVERY COMPLETED

The parties have completed the following discovery:

a. All parties have exchanged initial disclosures and a number of supplemental disclosure statements as needed.

b. Plaintiff served and Defendant Encor responded to Interrogatories and Requests for Production of Documents.

c. Plaintiff served and Angi responded to Interrogatories and Requests for Production of Documents.

d. Encor and Lumin8 served and Plaintiff responded to Interrogatories and Requests for Production of Documents.

## II.  DISCOVERY THAT REMAINS TO BE COMPLETED

The parties need to take the depositions of the 30(b)(6) witnesses for all parties, along with any percipient witnesses. The parties also need to engage in expert discovery.

## III.  REASONS FOR EXTENSION OF TIME

Plaintiff seeks this extension because (i) it claims to have recently discovered additional

relevant facts that it claims would justify amending the most recent version of its amended complaint to add additional allegations, claims for relief and parties relevant only to Encor and Lumin8, (ii) it believes that it is likely that it will discover additional evidence to justify amending the current amended complaint and adding additional parties through the depositions mentioned in Section II., *above,* and by requesting or compelling the production of further documents from Lumin8. Lumin8 disputes Plaintiffs' claims but does not oppose its request for an extension.

Additionally, and to establish excusable neglect and good cause to justify Plaintiff's submitting untimely this Stipulation and Order [Proposed] after the deadline of May 2, 2024 as required in Fed. R. Civ. P. 60(b)(1) and Local Rule 26-3, (iii) both paralegals who were assigned to work on this case by Plaintiff's counsel have left Plaintiff's Counsel, Lex Tecnica, Ltd., and (iv) as set forth in detail in the attached Declaration of Erven T. Nelson of Lex Tecnica, Mr. Nelson, who was working on preparing and filing motions to amend, had back surgery on April 9 and 10, 2024, the second surgery becoming necessary due to an unexpected complication in the first surgery, Mr. Nelson having spent more time in Southern Hills Hospital recovering post-surgery than he and his surgeon had anticipated and Mr. Nelson being unable to work on this case and particularly on the motions to amend in the days immediately before the deadline to move to amend the complaint or add parties. (Defendants and their counsel do not attest to the statements in Mr. Nelson's Declaration.)

**IV.     PROPOSED SCHEDULE FOR MOVING TO AMEND THE COMPLAINT OR ADD PARTIES**

The parties request an approximate 30-day extension of the deadline to seek leave to amend pleadings and add parties. The current deadline was May 2, 2024. Under the current stipulation, the deadline will be extended to June 2, 2024; however, the extension would not be applicable to

amending any claims or allegations as to Angi.[1]

## V.　　DISCOVERY

The parties are working to resolve all outstanding discovery issues and reach agreement without the Court's involvement, appreciate the Court's attention to this matter to avoid unnecessary disputes and respectfully stipulate to the extension requested herein.

DATED: May 14, 2024　　　　　　　　LEX TECNICA LTD.

　　　　　　　　　　　　　　　　　　*/s/ Erven T. Nelson*
　　　　　　　　　　　　　　　　　　Erven Nelson
　　　　　　　　　　　　　　　　　　Michael Falater
　　　　　　　　　　　　　　　　　　*Attorneys for EverySpace Construction*

DATED: May 14, 2024　　　　　　　　FOLEY & LARDNER LLP

　　　　　　　　　　　　　　　　　　*/s/ David L. Mortensen*

　　　　　　　　　　　　　　　　　　David L. Mortensen

　　　　　　　　　　　　　　　　　　Tanner B. Camp

　　　　　　　　　　　　　　　　　　*Attorneys/ for Defendant Lumin8 Holdings, LLC dba Ascent Ventures*

DATED: May 14, 2024　　　　　　　　ARMSTRONG TEASDALE LLP

　　　　　　　　　　　　　　　　　　*/s/ Brandon P. Johansson*
　　　　　　　　　　　　　　　　　　Brandon P. Johansson

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Angi Inc.*

---

[1] In stipulating to the requested extension, Lumin8 does not intend to and does not waive its right to oppose any motion by Plaintiff seeking to add new claims or parties. Additionally, depending on any claims or parties Plaintiff may seek to add, Lumin8 reserves the right to seek an amendment to the discovery schedule to allow additional time for discovery as necessary to address any new claims asserted against it.

**ORDER**

The Court notes that the parties have erroneously filed this as a stipulation, rather than a joint motion as required by LR 7-1(c). Nonetheless, the Court finds that the moving parties have shown good cause and excusable neglect to extend the deadline at issue.

Consistent with and based upon the above joint motion, **IT IS HEREBY ORDERED** that the Parties shall have until June 2, 2024, to move to add parties and amend pleadings, but not as to Angi.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 5/15/2024

**DECLARATION OF ERVEN T. NELSON IN SUPPORT OF AMENDED STIPULATION AND ORDER [PROPOSED] FOR EXTENSION OF DEADLINE TO MOVE TO AMEND PLEADINGS OR ADD PARTIES**

Pursuant to 28 U.S.C. section 1746, I, Erven T. Nelson, hereby declare as follows:

1. I am a resident of Clark County, Nevada and over 18 years of age. I make this declaration based upon my own personal knowledge except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

2. I am counsel for Plaintiff EverySpace Construction, LLC and I make this Declaration in support of the Amended Stipulation and Order [Proposed] for Extension of Deadline to Move to Amend Pleadings or Add Parties filed concurrently herewith and to establish excusable neglect for filing the Stipulation and Order on an untimely basis.

3. I joined Lex Tecnica, Ltd., counsel for Plaintiff, effective March 1, 2024, and was assigned to work on this case. Two paralegals who were assigned to work on this case have recently left Lex Tecnica.

4. Due to spondylolisthesis, spondylosis, impinged nerves, sciatica, muscular weakness in legs and ankle, and a deteriorating disk, Dr. Derek Duke of Las Vegas, Nevada, performed back surgery on me on April 9 and 10, 2024. Dr. Duke planned to and did (a) perform a laminectomy, (b) remove 4 existing screws and other hardware that were in my back from a prior surgery that had been performed in 2020 to fuse two vertebrae in the lumbar region, L-3 and L-4, (c) drill two new holes in vertebrae L-5 and (d) insert 6 new screws to anchor a new plate and fuse three vertebrae, L-3, L-4

and L-5.

5.   Due to not having the proper drill bit to remove the existing screws on April 9, 2024, Dr. Duke could remove only 2 of the 4 screws remaining from the 2020 fusion. He was unable to remove the other 2 screws despite breaking two drill bits during the surgery on April 9, 2024.  Accordingly, he aborted the April 9 surgery, sewed me up, ordered the proper drill bits to be delivered by overnight courier, and performed a second surgery the following day, April 10, 2024. As a result, I was under general anesthesia and, upon information and belief, had muscles, nerves, bones, tendons, etc. moved or cut on both April 9 and 10, 2024.

6.   Dr Duke's physician assistant had told me on April 8, 2024, the day prior to the first surgery, that if everything went well (e.g., no issues with abnormal blood pressure, excessive bleeding or unfavorable reactions to the general anesthesia), I would be discharged from the hospital on April 10, the day after the surgery.  Instead, due to repeated surgeries on consecutive days and more than expected fluid discharge through a surgical drain, I was discharged from Southern Hills Hospital on April 13, 2024, after the physician assistant changed the drain from operating on suction to operating on gravity.

7.   While I was hospitalized, Dr. Duke had prescribed Oxycodone (a narcotic pain reliever) and Gabapentin (an anti-convulsant for nerve pain and regeneration) 3-4 times per day.  Side effects of both medications include drowsiness, dizziness and weakness, all of which I experienced while hospitalized and after discharge until now. I also have had to use a walker to assist me in walking from the date of the first surgery until now due to leg and ankle weakness, back pain and a lack of balance. I am still taking both medications 3-4 times per day and consequently deal with the side effects.

8. Due to the placement of the 5-inch incision and resulting scar from the second surgery on April 10, 2024, I have been instructed to minimize sitting as much as possible and avoid sitting for more than 30 minutes at a time.  That has made working difficult. I am still ambulating with a walker and dealing with twinges, stiffness and pain in my back along with weakness and lack of balance from my knees to my ankles.  Additionally, my thighs and the soles of my feet still have occasional numbness. My balance is still bad and getting in and out of bed and chairs is painful.

9. According to an Order dated November 11, 2023 (document no. 60), May 2, 2024, was the deadline to move to amend pleadings or add parties.  Due to the side effects of the medications (particularly drowsiness and "brain fog") and the severe pain and difficulties of getting in and out of bed and chairs, I did not look at any emails or court filings until about Friday May, 3, 2024, when I learned that the May 2 deadline to file motions to amend in this case had already passed.  On the very next work day, Monday, May 6, 2024, I corresponded with opposing counsel regarding the Stipulation and Order, and we all agreed on the language on May 7, 2024, the day I filed it for the Court's approval (document no. 87). Opposing counsel were very understanding and generous in agreeing to the Stipulation. The next day, the Court denied the Stipulation and Order due to failure to establish excusable neglect as required by Fed. R. Civ. P. 60(b)(1) and LR  26-3.

10. I did not miss the deadline for submitting the Stipulation and Order in order to delay these proceedings or out of disrespect to this Court or counsel.  Instead, I failed to file the motion to amend on a timely basis due to my diminished physical and mental capacities resulting from the surgeries

///

///

///

and medications mentioned *above*.

I declare under pain of perjury that the foregoing is true and correct.

Executed on May 14, 2024.

                                                 */s/ Erven T. Nelson*

                                                 ERVEN T. NELSON