UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVERYSPACE CONSTRUCTION, LLC,<br><br>      Plaintiff<br><br> v.<br><br>ENCOR SOLAR, LLC, et al.,<br><br>      Defendants | Case No.: 2:23-cv-01105-APG-DJA<br><br>**Order Granting in Part Defendant Angi's Motion for Judgment on the Pleadings**<br><br>[ECF No. 64] |

Plaintiff EverySpace Construction, LLC is a licensed contractor in Nevada that previously had a business relationship with defendant Encor Solar, a solar panel sales and marketing company. EverySpace alleges that Encor, which is not licensed as a contractor in Nevada, misappropriated EverySpace's contractor license number to do business in Nevada. EverySpace also alleges that Encor gained business through defendant Angi Inc.'s online platform, which connects contractors and homeowners. EverySpace alleges that Angi promoted Encor as a certified contractor on its platform but failed to verify Encor's license information. EverySpace brings claims of unjust enrichment and violations of Nevada Revised Statutes (NRS) Chapter 598 and § 41.600 against all defendants, and a claim of negligence against Angi. Angi moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that it is immune from liability under Section 230(c)(1) of the Communications Decency Act (47 U.S.C. § 230(c)(1)). Angi also argues that its speech is protected by the First Amendment, and that none of the three claims is plausibly pleaded.

Section 230 does not immunize Angi from liability arising from its own speech or if Angi materially contributed to the alleged illegality of the conduct. EverySpace has plausibly and

with particularity alleged that Angi failed to verify Encor's license, yet represented on its website that it vets the contractors listed on its platform. Therefore, EverySpace has plausibly pleaded that Angi's own speech was the illegal conduct that harmed EverySpace or that Angi materially contributed to the illegality of Encor's conduct. The First Amendment also does not protect Angi because the subject speech is allegedly false or misleading commercial speech. However, because EverySpace has not plausibly pleaded any other deceptive trade practice or an unjust enrichment claim as to Angi, and it appears to have abandoned its negligence claim, I grant Angi's motion in part and grant EverySpace leave to amend. As the parties are familiar with the facts, I repeat them here only as necessary to resolve the motion.

# I. LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c). "[A] Rule 12(c) motion is functionally identical to a Rule 12(b)(6) motion," so "the same standard of review applies to motions brought under either rule." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (simplified). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.* (quotation omitted). Consequently, I must determine whether the complaint contains "sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Harris v. Orange Cnty.*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

# II. ANALYSIS

### Section 230

Section 230 immunizes "(1) a provider or user of an interactive computer service, (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker

(3) of information provided by another information content provider." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019) (simplified).  An information content provider is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).  The Ninth Circuit has "interpreted the phrase 'creation or development in whole or in part' in § 230(f)(3) to mean that 'a [defendant] helps to develop unlawful content . . . if it contributes materially to the alleged illegality of the conduct.'" *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 744 (9th Cir. 2024) (quotation omitted).  Section 230 immunity does not apply if the plaintiff's claims "seek to treat [the defendant] as the publisher or speaker of its own content—or content that it created or developed in whole or in part—rather than the publisher or speaker of entirely third-party content." *Id.* (emphasis omitted).  In other words, Section 230 provides immunity if the defendant is a "passive transmitter of information provided by others." *Id.* at 745 (quoting *Fair Hous. Council v. Roommates.com*, LLC, 521 F.3d 1157, 1166 (9th Cir. 2008)).

Angi argues that Section 230 immunizes it against all of EverySpace's claims because Angi is an interactive computer service and because EverySpace's claims rely on Angi's failure to alter, prevent, or remove content provided entirely by Encor.  EverySpace does not contest that Angi is an interactive computer service or that it is seeking to treat Angi as a publisher or speaker. ECF No. 70 at 4.  Rather, EverySpace argues that Angi was not merely a passive transmitter of information, but instead developed Encor's Angi listing and was responsible for vetting contractor listings, so the illegal content was Angi's own speech.  Angi responds that its alleged failure to vet the accuracy of third-party content is immunized by Section 230.

Taking all the allegations as true, it is plausible that Angi was not merely a passive transmitter of information provided by others, but instead materially contributed to the illegality of the Encor listing. EverySpace alleges that contractors listed on Angi must go through a background check and application process, Angi verifies license information for accuracy by calling the contractor whose license number was submitted (rather than the applicant), and Angi "promoted Encor . . . as an Angi certified/verified/authorized contractor." ECF No. 55 at 7. EverySpace also alleges that Angi never called EverySpace to confirm the use of its license number. *Id.* at 12. These allegations raise questions of fact as to what Angi did with the information provided by Encor before Encor was listed or promoted as "certified" on Angi's platform. It is also reasonable to infer that because Angi markets its platform as "connecting verified contractors and homeowners," Angi's failure to verify Encor's license contributed materially to the illegality here. *Id.* at 6. Moreover, Section 230 does not immunize Angi to the extent that EverySpace's claims are based on Angi's own speech outside of the Encor listing, such as Angi's claim on its website that it "routinely checks licensure for accuracy." *Id.* at 7. Therefore, based on the pleadings, Angi is not entitled to Section 230 immunity.

**A. First Amendment**

Angi argues that because the First Amendment protects the exercise of editorial control and judgment with regard to online content moderation, it protects Angi's speech here. EverySpace responds that the First Amendment does not apply because there is no state action against Angi and because the First Amendment does not protect fraud.

Speech that proposes a commercial transaction receives diminished First Amendment protection. *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557, 562-63 (1980). "[T]here can be no constitutional objection to the suppression of commercial messages

that do not accurately inform the public about lawful activity. The government may ban forms of communication more likely to deceive the public than to inform it . . . ." *Id.* at 563. EverySpace has plausibly pleaded that the speech at issue (the misappropriated license number, Angi's descriptions of its platform, or both) consists of false or misleading commercial messages that do not accurately inform the public about lawful activity. Therefore, the First Amendment does not protect Angi in this case.

### B. Unjust Enrichment

In Nevada, "[u]njust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) (quotation omitted). "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (simplified).

Angi argues that EverySpace's unjust enrichment claim against it fails because EverySpace does not allege it conferred a benefit on Angi. Angi also argues that is not unjust for it to retain any benefits it received from Encor because it provided services to Encor in the ordinary course of business. EverySpace responds that Angi benefited indirectly from the use of EverySpace's license number because without that Angi would not have made money from the Encor listing. EverySpace also argues that it is inequitable for Angi to keep those benefits because EverySpace was harmed from the misappropriation of its license.

Angi's argument that it only benefited from services it provided to Encor in the ordinary course of business does not hold water because EverySpace plausibly alleges that Angi did not follow its ordinary course of business when verifying Encor's license number.  However, EverySpace has not plausibly alleged that it conferred benefits upon Angi, whether directly or indirectly.  The third amended complaint alleges that EverySpace "conferred a substantial benefit upon Defendants based upon their representations that they would enter into a business relationship with Plaintiff.  Defendants then fraudulently benefited from Plaintiff's information, business identity, and even its contractor's license." ECF No. 55 at 15.  This does not appear to be directed at Angi, because there are no other allegations that Angi entered into a business relationship with EverySpace.  With regards to the benefits Angi received, EverySpace alleges only that "Encor paid Angi to be on Angi's platform" and that "Angi provided customer leads, for pay, to Encor." *Id.* at 7.  Other allegations regarding benefits that Angi received are vague.  *See id.* at 8 (allegations that that "Angi and Encor did millions of dollars of contractor business in Nevada," and "None of this would have been possible without Plaintiff.").  Therefore, I dismiss the unjust enrichment claim against Angi, but grant it leave to amend if it can.

**C. Deceptive Trade Practices**

Under NRS § 41.600(1), "any person who is a victim of consumer fraud" may sue for damages.  The statute does not limit a victim to a consumer or a competitor. *Del Webb Cmtys., Inc. v. Partington*, 652 F.3d 1145, 1153 (9th Cir. 2011).  Consumer fraud includes "a deceptive trade practice" as defined by the Nevada Deceptive Trade Practices Act (NDPTA). NRS § 41.600(2)(e).  Deceptive trade practices include knowingly making "a false representation as to the characteristics . . . of goods or services for sale or lease" or "any other false representation in a transaction" in the course of one's business. NRS § 598.0915(5), (15).  A "knowing" act or

omission under NRS § 598 "does not require that the defendant intend to deceive with the act or omission, or even know of the prohibition against the act or omission, but simply that the defendant is aware that the facts exist that constitute the act or omission." *Poole v. Nev. Auto Dealership Invs., Ltd. Liab. Co.*, 449 P.3d 479, 483 (Nev. Ct. App. 2019). Because a claim under NRS § 41.600 alleges fraud, it must be pleaded with particularity to satisfy Federal Rule of Civil Procedure 9(b).

Angi argues that the deceptive trade practices claim against it fails for various reasons. Angi contends that because it merely displays content created by third parties, NRS § 598.0955(1)(b) exempts it from liability. That provision states that the NDPTA does not apply to "[p]ublishers . . . engaged in the dissemination of information or reproduction of printed or pictorial matter who publish, broadcast or reproduce material without knowledge of its deceptive character." Angi also contends that EverySpace did not plead that Angi had actual knowledge that any representations on Angi's platform were false. In addition, Angi argues that EverySpace inappropriately lumps both defendants together, so the allegations that the defendants employed "bait-and-switch" tactics or conducted business without all required licenses do not apply to Angi.

EverySpace responds that Angi has fair notice of its fraudulent conduct. EverySpace contends that the third amended complaint alleges that Angi claims that it verifies the license number of listed contractors, Angi failed to verify Encor's license number, and this deceived the public and harmed EverySpace. EverySpace also argues that Angi's motion for judgment on the pleadings is untimely because discovery has already started.

As a threshold issue, Angi's motion is timely because it will not delay trial. *See* Fed. R. Civ. P. 12(c). As to the merits, EverySpace has not plausibly or with particularity alleged that

7

Angi employed bait-and-switch advertising in violation of NRS § 598.0917, that Angi failed to conduct business without required licenses in violation of NRS § 598.0923, or that Angi fraudulently solicited information over telephone or text message in violation of NRS § 598.0918.  Therefore, I dismiss these portions of the claim as to Angi.

However, EverySpace has plausibly and with particularity alleged that Angi knowingly made false representations in the course of its business in violation of NRS § 598.0915.  When read as a whole, the third amended complaint gives Angi notice as to "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (simplified).  The third amended complaint alleges that "as early as 2020," Angi asserted on its website that it vets and verifies the licensing information of listed contractors, that Angi did not verify Encor's license number, and that Angi promoted Encor as a certified contractor on its platform anyway. ECF No. 55 at 7-9.  EverySpace has also plausibly alleged knowledge, because it is reasonable to infer that Angi was aware of 1) its own statements claiming that it verifies contractors and 2) that it did not verify Encor's license information. Moreover, because Angi made the allegedly false statement that it verifies listed contractors, the exemption for publishers (NRS § 598.0955) does not apply.  Therefore, I deny Angi's motion as to EverySpace's claim that Angi violated NRS § 598.0915 by falsely representing that it vets listed contractors on its platform.

### D. Negligence

To plausibly state a negligence claim under Nevada law, EverySpace must allege that (1) Angi owed it a duty of care; (2) Angi breached that duty; (3) the breach was the legal cause of EverySpace's injury; and (4) EverySpace suffered damages. *Clark Cnty. Sch. Dist. v. Payo*,

403 P.3d 1270, 1278 (Nev. 2017) (en banc).  Angi argues that the negligence claim fails because EverySpace has not alleged that Angi had a duty of care beyond vaguely "follow[ing] Nevada law."  ECF No. 64 at 21.  EverySpace did not oppose Angi's motion on this claim.  Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."  Therefore, EverySpace has consented to the dismissal of its negligence claim.

### E. Amendment

I grant EverySpace leave to amend any of the dismissed claims because it is not clear that amendment would be futile.[1] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (quotation omitted)).  If EverySpace chooses to amend its complaint, it should consider the arguments in Angi's motion when crafting its fourth amended complaint.

## III. CONCLUSION

I THEREFORE ORDER that defendant Angi Inc.'s motion for judgment on the pleadings **[ECF No. 64] is GRANTED in part**.  I deny the motion as to the claim that Angi falsely represented that it vets listed contractors on its platform in violation of NRS § 598.0915.  I dismiss without prejudice the unjust enrichment claim as to Angi, the NRS §§ 598.0917, 598.0923, and 598.0918 claims as to Angi, and the negligence claim.

---

[1] Though the operative complaint is the Third Amended Complaint, there have been no dispositive orders on the merits yet, as two of the three amendments have been executed through stipulations. ECF Nos. 44, 54.  But EverySpace should not count on getting any more chances to amend after this.

I FURTHER ORDER that plaintiff EverySpace Construction, LLC, may file a fourth amended complaint by September 27, 2024 if facts exist to do so.

DATED this 5th day of September, 2024.

                                                                 _____
                                                                ANDREW P. GORDON
                                                                UNITED STATES DISTRICT JUDGE