1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERYSPACE CONSTRUCTION, LLC,

    Plaintiff

v.

ENCOR SOLAR, LLC, et al.,

    Defendants

Case No.: 2:23-cv-01105-APG-DJA

**Order Denying Motion for Default Judgment**

[ECF Nos. 102, 103]

Everyspace Construction, LLC moves for entry of default judgment against Encor Solar, LLC. ECF Nos. 102, 103.  The motion fails to address the factors that should "be considered by courts in exercising discretion as to the entry of a default judgment," as enunciated by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Thus, I deny the motion without prejudice to filing a new motion addressing those factors.

In addition, the motion's request for fees and costs is defective for a variety of reasons.  I point these out so Everyspace can address them if it files a new motion seeking default judgment.

Everyspace seeks $1,608.15 in costs incurred for service of process expenses, filing fees, and internet research costs. ECF No. 103-2 at 2.  Two entries (02/27/2024 and 07/19/2024) are not sufficiently described for me to understand what those charges are for.  Regardless, none of these costs is reimbursable through a motion for default judgment.

Federal Rule of Civil Procedure 54(d) contains two separate provisions for costs.  To request taxable costs, the prevailing party must file a bill of costs with the clerk. *See also* LR 54-1.  Taxable costs are taxed by the clerk rather than the court. Fed. R. Civ. P. 54(d)(1); LR 54-1.  The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1.  For

example, filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1); LR 54-2.

By contrast, nontaxable costs are recoverable on a motion to the court, along with attorney's fees Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses"); *see also* LR 54-14(a)(2) (a motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-13"). Thus, Everyspace's request for taxable costs such as filing fees and service of process expenses are properly recovered through a bill of costs filed with the clerk after judgment.

Everyspace requests reimbursement for the $5,000 expert fee paid to Donna DiMaggio of D Squared Consulting, LLC. ECF No. 103 at 8. Expert witness fees are not ordinarily allowed. LR 54-11(h). Similarly, costs for "computer research fees" are not ordinarily allowed. LR 54-11(g).

Everyspace's request for attorney fees is likewise defective. The motion lacks most of the information required under Local Rule 54-14 and *Brunzell v. Golden Gate National Bank*, 455 P.2d. 31, 33 (Nev. 1969). For instance, LR 54-14(a)(1) requires a "reasonable itemization and description of the work performed." The motion seeks fees for 14 attorneys or paralegals, but it is unclear which of the listed people are attorneys and which are paralegals. No hourly rate is listed for any of them except Samuel Castor. There is no description of what work each person performed, how long those tasks took, why the tasks were necessary, and why the amounts charged and time taken were reasonable. There is no description of the qualities of each advocate (other than Mr. Castor) as required by *Brunzell*. 455 P.2d at 33. The failure to provide this information "may be deemed a consent to the denial of the motion." LR 54-14(c).

1    Donna DiMaggio is listed as an attorney but she is also the plaintiff's expert. *Compare*

2  ECF No. 103 at 9 *with* ECF No. 103-1 at 8.  Ignoring for the moment whether a party's counsel

3  should and would be permitted to also serve as its expert witness, it appears Everyspace is

4  double-counting Ms. DiMaggio's time by also seeking to recover an expert fee for her.

5    Everyspace states that its "paralegals assisted in drafting select pleadings in this matter

6  and preparing counsel for hearings . . . ." ECF No. 103 at 10.  But only one hearing was

7  conducted in this case. ECF No. 83.  Moreover, "[f]ees for investigative or paralegal services"

8  are not ordinarily allowed. LR 54-11(i).

9    The motion is defective for other reasons.  Everyspace should take care that its next

10  motion complies with the Federal Rules of Civil Procedure, Local Rules, and relevant precedent.

11    I THEREFORE ORDER the plaintiff's motion for entry of default judgment **(ECF Nos.**

12  **102, 103) is denied without prejudice.**

13    DATED this 5th day of February, 2025.

14    _____
        ANDREW P. GORDON
15       CHIEF UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23